PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:21-cr-00240 JLT/SKO |
| Plaintiff, | **STIPULATION TO CONTINUE NOVEMBER 2, 2022 STATUS CONFERENCE TO FEBRUARY 2, 2023; ORDER** |
| v. | Ctrm:    8 |
| RICARDO GUERRERO, | Hon. Sheila K. Oberto |
| Defendant. | |

This case is set for a status conference on Wednesday, November 2, 2022. Dkt. 22. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through December 17, 2022. General Order 655 (E.D. Cal. September 19, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

2

and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

3

# STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Scott A. Tibbedeaux, counsel for defendant Ricardo Guerrero ("defendant"), that this action's **Wednesday, November 2, 2022 status conference be continued to Wednesday, February 2, 2023, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The grand jury returned an indictment regarding this matter on October 7, 2021. Dkt. 1. Soon thereafter, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties without redactions (Dkt. 6), which the court endorsed by way of formal order on November 19, 2021. Dkt. 8. The government then prepared and delivered an initial set of discovery to defense counsel, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440. The defense counsel continues its review of this voluminous discovery.

2. Counsel for the government prepared a written plea offer to the defense. While working through its internal review and approval process, the government learned that prudence required it to seek additional records, from state court regarding facts relevant to underlying convictions and state law enforcement agencies who keep records of defendant's registration status, in order to properly assess how Count Two (based upon 18 U.S.C. § 2260A) should properly be applied to the government's offer. The government has tasked the proper agents to seek and obtain such records, to the extent they indeed exist. The government expects to receive requested records, to the extent identified, within the next two to three weeks. In light of the above, the government anticipates that it should have a written plea offer approved and delivered to the defense within the next several weeks.

///

///

///

3. This case involves voluminous electronic evidence that includes depictions of minors engaged in sexually explicit conduct. Upon defense counsel's request, counsel for the government will work with HSI's Fresno office and the defense to arrange for the defense's prompt review of electronic evidence in this case in accord with relevant provisions of Section 3509 of the Adam Walsh Act.

4. From this point forward, counsel for the government continues to work toward determining the extent supplemental discovery exists and needs to be produced in accord with Rule 16. As the defense completes its review of the discovery in this case, the parties will further their engagement of meaningful discussions regarding its potential resolution. The parties anticipate that they will be able to advise the court about the extent this matter can be resolved short of trial at the continued status conference.

5. After analyzing respective calendars including pending trial dates (defense counsel has separate murder cases respectively for preliminary hearing and trial on December 21, 2022, and January 10, 2023), the parties confirm that they are both available to appear at the court's February 2, 2023, status conference calendar. The parties further anticipate that they will be able to advise the court of the extent this matter can be resolved, or whether a trial date should be set.

6. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. The parties therefore stipulate that the period of time from November 2, 2022, through February 2, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

5

IT IS SO STIPULATED.

Dated:  October 21, 2022                    PHILLIP A. TALBERT
                                            United States Attorney


                                      By:   /s/ Brian W. Enos
                                            Brian W. Enos
                                            Assistant United States Attorney


                                            (*As authorized 10/21/22*)

Dated: October 21, 2022               By:   /s/ Scott A. Tibbedeaux
                                            Scott A. Tibbedeaux, Esq.
                                            Attorney for Defendant
                                            Ricardo Guerrero


**O R D E R**

IT IS ORDERED that the status hearing currently set for November 2, 2022, at 1:00 pm is continued until February 2, 2023, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from November 2, 2022 through February 2, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.


Dated: 10/21/2022                     /s/ Sheila K. Oberto
                                      Honorable Sheila K. Oberto
                                      United States Magistrate Judge

6