UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:21-cr-00240-JLT-SAB-1 |
| Plaintiff, | ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| v. | |
| RICARDO GUERRERO, | |
| Defendant.[1] | **GOVERNMENT TO RESPOND WITHIN 21-DAYS** |

## I.    INTRODUCTION

Ricardo Guerrero is a federal prisoner proceeding pro se on a 28 U.S.C. § 2255 motion filed on July 7, 2025, seeking to vacate, set aside, or correct his sentence following guilty plea entered upon a written plea agreement.[2] (Doc. 60). The § 2255 motion alleges ineffective assistance of counsel ("IAC") by prior defense counsel Scott A. Tibbedeaux during the plea process and after judgment by failing to a notice of appeal upon Guerrero's request.[3]

---

[1] Guerrero is serving his sentence at FCI Victorville Medium II, Victorville CA. *BOP Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited May 21, 2026). Guerrero's projected release date is December 23, 2055. *Id.*

[2] Pursuant to Federal Rules of Criminal Procedure a Rule 11(c)(1)(A-B).

[3] The government concedes the § 2255 motion was timely filed. (*See* Doc. 68 at 4); *see also* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1).

The government timely moved to dismiss the § 2255 motion on grounds it is barred by the plea agreement's collateral attack waiver and fails to state any cognizable IAC claim.[4] (Doc. 68 at 6-11). Guerrero timely filed a reply. (Doc. 72). For reasons set forth below, the Court grants the government's motion to dismiss in part and dismisses Guerrero's § 2255 motion as to Ground Two and grants the § 2255 motion as to Ground One pursuant to *United States v. Sandoval–Lopez,* 409 F.3d 1193 (9th Cir.2005).

## II. BACKGROUND

On October 7, 2021, Guerrero was indicted for: Count One sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), Count Two coercion and enticement in violation of 18 U.S.C. § 2422(b), Count Three commission of a felony against a minor while a sex registrant in violation of 18 U.S.C. § 2260A, and criminal forfeiture pursuant to 18 U.S.C. §§ 2253, 2428. (Doc. 1). On November 13, 2023, Guerrero pleaded guilty with a written plea agreement to Count One and Count Three of the indictment and admitted the forfeiture allegation. (Doc. 33).

As to Count One, the plea agreement provided for a sentencing Guideline calculation based upon a total offense level of 38 reducible to 35 upon acceptance of responsibility; a potential mandatory statutory term of 180-360 months in prison, and a supervised release term of 5 years to life (the government agreed to 120 months supervised release).[5] (Doc. 33 at 7-9). The plea agreement provided that the Court would determine a non-binding, advisory guideline sentencing range. (*Id.* at 4).

As to Count One, the Presentence Report calculated a Guideline range of 324-405 months in prison based on a total offense level of 37 and a criminal history of V.[6] (Doc. 44 at 8-9, 13). The PSR

---

[4] The government's motion to dismiss is considered under the summary dismissal standard of Habeas Rule 4. *See Lonchar v. Thomas*, 517 U.S. 314, 325-26 (1996) (observing the Advisory Committee's Note to Rule 4 to allow a motion to dismiss a § 2254 petition on procedural grounds); *O'Bremski v. Maas*, 915 F.2d 418, 420–21 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a 28 U.SC. § 2254 petition on state procedural grounds).

[5] As discussed below, the plea agreement errantly stated the statutory penalty as 15-30 years. The error was corrected by the Court during plea colloquy by stating the statutory penalty as 25-50 years - Guerrero agreed to the corrected statutory penalty. (*See* section IV A 2, post).

[6] 2023 Guidelines Manual, including all Guideline amendments, was used for United States Sentencing Guideline calculations. (*See* Doc. 44 at 6; Doc. 68-6 at 2).

stated the statutory penalty as 25 to 50 years in prison. (Doc. 44 at 1, 13; *see also* Doc. 47 at 1 n.1). As to Count Three, both the plea agreement and the PSR stated the statutory mandatory penalty as 10 years in prison, to run consecutively with Count One. (Doc. 33 at 9; Doc. 44 at 1, 13). The PSR calculated a statutory and guideline term of supervised release as 5 years to life. (Doc. 44 at 14). Neither party objected to the PSR. (*See* Doc. 61 at 4*; see also* Doc. 44-2; Doc. 47 at 2).

The government recommended 300 months in prison on Count One (i.e. the statutory mandatory minimum), plus 120 months on Count Three to run consecutively to Count One for a total custodial term of 420 months, and 10 years of supervised release. (Doc. 47). The PSR recommended 360 months in prison on Count One, 120 months consecutive on Count Three for a total custodial term of 480 months, and supervised release of life as to each Count, and financial assessments. (Doc. 44-1 at 1). Ultimately, the Court sentenced Guerrero to 360 months in prison on Count One, 120 months consecutive on Count Three for a total custodial term of 480 months, followed by lifetime supervised release, and financial assessments. (Doc. 61 at 7). The Court entered judgment on June 25, 2024. (Doc. 50).

On March 24, 2025, Guerrero, pro se, filed a notice of appeal. (Doc. 54). On June 24, 2025, the Ninth Circuit dismissed the appeal as untimely, and declined to reach Guerrero's purported IAC claim on grounds counsel failed to file a timely notice of appeal. (Doc. 57). The Circuit noted the IAC claim could be raised in a 28 U.S.C. § 2255 motion. (*Id.*).

### III.   STANDARD OF DECISION

**A.   28 U.S.C. § 2255 Motion**

"A federal prisoner challenging the legality of detention generally must do so by a motion pursuant to 28 U.S.C. § 2255." *Scaggs v. Ciolli*, 2023 WL 1879461, at \*1 (9th Cir. February 10, 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Pursuant to  § 2255, a prisoner in federal custody under sentence imposed by a federal court, may collaterally attack the validity of his conviction or sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner relief: "[u]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the

3

United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999)) ("Section 2255 grants a prisoner in custody the right at any time to bring a motion to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law. . . .") (internal quotations omitted).

A successful § 2255 motion requires the federal prisoner, movant, to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [ ] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *See United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") "If the court finds . . . there has been . . . a denial or infringement of the constitutional rights of the prisoner . . ." (§ 2255(b)), the court must vacate and set the judgment aside, and then (1) discharge or resentence the prisoner, or (2) grant a new trial, or (3) correct the sentence. *Barron*, 172 F.3d at 1157 (quoting 28 U.S.C. § 2255) (internal quotations omitted).

A pro se litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, a "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." *United States v. Caputo*, 2023 WL 5207318, at *3 (August 14, 2023) (*citing James*, 24 F.3d at 26). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id; see also Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**B.    Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). To prevail on claims of ineffective assistance of counsel, a defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998).

In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 687. First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Quintero-Barraza*, 78 F.3d at 1349; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir.

2003) (same).

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Moore*, 562 U.S. at 129 (quoting *Hill,* 474 U.S. at 59 (to prevail on prejudice in the context of a plea, defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")). Where a defendant pleaded guilty and no trial occurred, "the defendant must demonstrate that absent h[is] attorney's incompetence, [the defendant] would rationally have rejected the plea bargain and would either have gone to trial or received a better plea bargain instead." *United States v. Valle-Rodriguez*, 2026 WL 323123, at *2 (N.D. Cal. Feb. 6, 2026) (quoting *Rodriguez*, 49 F.4th at 1213 (cleaned up)); *see also Premo v. Moore*, 562 U.S. 115, 125 (2011) ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

## IV.    DISCUSSION

Guerrero alleges that defense counsel was ineffective during the plea process, invalidating the plea agreement and its appeal and collateral attack waivers; and during the appeal period by failing to file a notice of appeal upon his request, denying him the opportunity to appeal.

Particularly, as to Ground Two in the § 2255 motion, Guerrero alleges that counsel failed reasonably to advise him as to Count One's elements and mandatory minimum sentence such that the plea agreement and its appeal and collateral attack waivers are unenforceable; and that he would not have pleaded guilty absent counsel's allegedly deficient performance. (*See* Doc. 60 at 29-36). As to Ground One of the § 2255 motion, Guerrero alleges that counsel was ineffective following judgment by failing to comply with his direction to file an appeal. (*See* Doc. 60 at 28-29).

**A.    Ground Two – IAC during the Plea Process**

    **1.    Count One's Essential Elements[7]**

---

[7] The Court does not consider Guerrero's purported IAC claim relating to Count One's interstate and foreign commerce element, first raised in his reply in support of the § 2255 motion. (*See* Doc. 72 at 12-14); *Montes v. United States*, 2012 WL 3778856, at *5 (E.D. Cal. Aug. 31, 2012) (citing *Zamani v.*

6

Guerrero alleges that counsel was ineffective during the plea process by failing to advise him that, "under 18 U.S.C. § 2251(a), a conviction requires proof that the victim was enticed for the sole purpose of producing any visual depiction of the conduct." (Doc. 60 at 5-6). Guerrero, in his declaration supporting the § 2255 motion, avers that counsel never advised  him "the government would be required to prove that [he] was 'enticing or persuading' for the purpose of producing a visual depiction of a minor[,]" (Doc. 60 at 39); that the victim "was not enticed for the purpose of taking the photos[,]" (*id.* at 40); and that absent counsel's allegedly deficient conduct, "he would not have pled guilty and would have proceeded to trial[,]" (*id.*).  However, the record including Guerrero's plea agreement and sworn plea colloquy demonstrate his unequivocal understanding of the contested Count One element; that he discussed Count One and potential defenses with counsel; and that he had no questions in these regards, he admitted his guilt and that he was in fact guilty. *See* e.g., *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (defendant bears the burden to show the plea agreement and its appellate and collateral attack waivers were not knowing and voluntary).

At the change of plea hearing, the Court read the indictment's Count One allegations including that Guerrero:

> [K]nowingly employed, used, persuade, induced, enticed and coerced a minor, identified as "Victim 1," to engage in any sexually explicit conduct, as defined in 18 USC Section 2256, for the purpose of producing any visual depiction of the conduct, with knowledge and reason to know that such visual depiction would be transported and transmitted using any means and facilit[y] of interstate and foreign commerce, and in or affecting interstate and foreign commerce, and the visual depiction was produced or transmitted using materials and had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer[.]

(Doc. 59 at 14-15). Guerrero then entered his guilty plea to Count One (*id.* at 15), and pleaded guilty to Count Three based on Count One as a predicate (*id*. at 15-16). The plea agreement included the elements of the crime of sexual exploitation of a minor as alleged in Count One, as follows:

> First, the defendant knowingly used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;
>
> Second, for the purpose of producing depictions of such conduct; and

*Carnes,* 491 F.3d 990, 997 (9th Cir.2007)) ("The district court need not consider arguments raised for the first time in a reply brief.").

7

Third, the depictions either themselves were transported across state lines or in foreign commerce, or alternatively were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

(Doc. 33 at 2).

Additionally, Guerrero's own testimony at plea colloquy directly refutes his habeas averments. For example, the plea change Court advised Guerrero that he was free to consult with counsel at any time. (Doc 59 at 4). Guerrero attested to his review of the plea agreement and sufficient time to discuss it and the case and potential defenses with counsel, and that he was satisfied with the representation of counsel, who had answered all his questions. (*Id.* at 5-6). Guerrero admitted under oath that he was guilty in fact of Count One and Count Three. (*Id.* at 7, 15-17); *see also United States of America v. Erin V. Mazzei*, 2026 WL 1194920, at *4 (D. Haw. May 1, 2026) (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008)) ("[S]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Guerrero also attested during plea colloquy to his review of the indictment and his understanding of the nature of charges in Counts One and Three and "what the Government would have to prove in order to convict you of these offenses[.]" (Doc. 59 at 9-10).

The Court was entitled to rely upon these assurances. *See United States v. Peterson*, 995 F.3d. 1061, 1067 (9th Cir. 2021) (the district court was entitled to rely upon defendant's assurance that he understood the elements of the crime to which he entered a guilty plea); *Chizen v. Hunter*, 809 F.2d 560, 562 (1986) (noting that "statements made by a criminal defendant contemporaneously with his plea should be accorded great weight" because "[s]olemn declarations made in open court carry a strong presumption of verity"); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citing Machibroda v. U.S., 368 U.S. 487, 495-496 (1962)) ("[t]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

As to Guerrero's habeas averment that the victim was not enticed for the purpose of taking the

8

charged visual depictions, he admitted at the plea hearing that "[he] [k]nowingly employed, used, persuade, induced, enticed and coerced a minor, identified as "Victim 1," to engage in any sexually explicit conduct, as defined in 18 USC Section 2256, *for the purpose of producing any visual depiction of the conduct[.]"* (Doc. 33 at 8; Doc. 59 at 14) (emphasis added). Relatedly, the PSR reflects that Guerrero's cell phone seized by authorities included approximately 55 videos of charged conduct by the minor with Guerrero and two other adults. (Doc. 44 at 4). Even if Guerrero could reasonably have believed his purported view of the facts (that the videos depicted a romantic relationship with a girlfriend) suggested a defense, his plea agreement and colloquy refute the allegation that counsel was deficient in relation thereto.  At the plea hearing, the Court asked,

> In your plea agreement at page two, is a discussion of what the Government would have to prove in order to convict you of those offenses. Have you had the opportunity to review that section of your plea agreement?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Do you understand then what the Government would have to prove in order to convict you of these offenses?
>
> THE DEFENDANT: Yes.

It follows that Guerrero does not offer any sufficient legal or factual basis upon which to overcome the presumption that counsel acted reasonably in relation to the plea agreement and the change of plea hearing. *Strickland*, 466 U.S., at 689; *see also Hill*, 474 U.S., at 56 (citing *McMann v. Richardson,* 397 U.S. 759, 771 (1970)) ("[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases[;]"); *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann*, 397 U.S., at 771) ("If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases[.]").

Nowhere does Guerrero explain how counsel was deficient in advising him on the government's burden of proof under 18 U.S.C. § 2251(a), in relation to facts of the case. *See e.g., United States v. Laursen*, 847 F.3d 1026, 1034-35 (9th Cir. 2017) ("We have no doubt that a person of ordinary intelligence would know that 18 U.S.C. § 2251(a) prohibits using a minor to engage in sexually explicit conduct for the purpose of producing a photograph of the sexual conduct[.]"); *United*

9

*States v. Hutton*, 159 F.4th 636, 640 (9th Cir. 2025) ("Our precedent also forecloses Hutton's vagueness argument [regarding 18 U.S.C. § 2251(a)]."). The undisputed record shows that Guerrero acted purposefully in making approximately 55 videos of the charged conduct which also involved other adults. *See e.g., United States v. Fenton*, 654 F. Supp. 379, 380 (E.D. Pa. 1987) ("To obtain a conviction under 18 U.S.C. § 2251(a), the government bears the burden of establishing, beyond a reasonable doubt, that the defendant acted purposefully to involve a minor in sexually explicit conduct and to produce a visual depiction of that conduct."); *see also United States v. Mendez*, 35 F.4th 1219, 1221 (9th Cir. 2022) (quoting Laursen, 847 F.3d at 1033) ("[A]ctive conduct alone suffices to sustain a conviction under § 2251(a).").

During his plea colloquy, Guerrero admitted that he acted "for the purpose of producing any visual depiction of the [criminal sexually explicit] conduct[.]" (Doc. 59 at 14; *see also* Doc. 33 at 8). Guerrero's conclusory habeas averment otherwise, refuted by his own testimony during the plea process, does not carry his burden of showing counsel acted deficiently as alleged. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also United States v. Jaramillo*, 2025 WL 2462728, at *11 (E.D. Cal. June 18, 2025), *certificate of appealability denied*, 2025 WL 2444546 (E.D. Cal. Aug. 25, 2025) (where a defendant admits to the facts which serve as the basis supporting his guilty plea, both in his plea agreement and in open court at the change-of-plea hearing, he cannot show unreasonable conduct by his attorney); *United States v. Duran Sanchez*, 2024 WL 4029539, at *10 (E.D. Cal. Sep. 3, 2024) (same). Moreover, "[m]ovant's own factual analysis resulting in the conclusion that he is 'ineligible' for conviction pursuant to 18 U.S.C. § 2251(a) does not amount to ineffective assistance by counsel during the plea proceedings." *United States v. Klipp*, 2020 WL 5412072, at *5 (E.D. Cal. Sept. 9, 2020), *report and recommendation adopted*, 2022 WL 717968 (E.D. Cal. Mar. 10, 2022).

Even if Guerrero could show that counsel acted deficiently as alleged, he has not demonstrated that he rationally would have gone to trial, for the reasons discussed above. Reasonable counsel could find Guerrero's suggestion that the visual depictions were a product of his romantic relationship with the minor victim and insufficient mens rea for Count One, untethered to the facts before the plea Court and unsupported by Guerrero's own legal authority. (*See* Doc. 60 ta 32-35); *see also United States v.*

10

*Moore*, 2024 WL 1616070, at \*1 (9th Cir. Apr. 15, 2024) ("[A]ctive conduct alone suffices to sustain a conviction under [section] 2251(a)."). Here again the Court observes Guerrero made approximately 55 videos of him and two other adults engaging in sex with the minor victim. (Doc. 44 at 4-5).

Guerrero's citation to factually distinguishable out of circuit authority is not a basis to find otherwise. (*See* Doc. 60 at 33-34, citing *United States v. Palomino-Coronado*, 805 F.3d 127, 132 (4th Cir. 2015) (sexual activity with minor spanned many months during which only one image was produced); *United States v. Cox*, 744 F.3d 305, 309 (4th Cir. 2014) ("The production of the photographs - all of which are sexually explicit - was part and parcel of Cox's sexual exploitation of M.G., lending strong support to the conclusion that producing the images was at least *one* of his purposes in abusing her."). "[C]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for the attorney's deficiencies*." Lee v. United States*, 582 U.S. 357, 369 (2017). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

The Court finds that Guerrero has not stated a cognizable IAC claim regarding Count One's essential elements. His plea agreement and guilty plea are not constitutionally infirm on that basis. *See Hill*, 474 U.S., at 56 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)).("[T]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

### 2.    Count One's Mandatory Minimum Sentence

Guerrero alleges that counsel was ineffective during the plea process by failing to advise him that his minimum sentence under 18 U.S.C. § 2251(a) was 25 years. (*See* Doc. 60 at 29-32). Guerrero points to the plea agreement's erroneous statement that the mandatory minimum penalty for Count One was 15 years in prison. (*Id*.). Guerrero avers that "[a]t no time prior to entering my guilty plea did counsel inform me that the mandatory minimum term of imprisonment was twenty-five years, rather than fifteen years." (Doc. 60 at 39).

However, the record including Guerrero's sworn plea colloquy regarding the plea agreement as corrected demonstrates his unequivocal understanding of the Count One mandatory minimum sentence; that he discussed Count One and potential sentences with counsel; and that he had no

questions in these regards but rather pleaded guilty knowing he would be sentenced at or above the Count One 25 year mandatory minimum penalty. (*See* discussion, post); *see also Michlin*, 34 F.3d at 899; *Duran Sanchez*, 2024 WL 4029539, at *10.

The record including the indictment, arraignment hearing, and plea colloquy demonstrate Guerrero and counsel were aware of the 25 year minimum term and relied thereon in entering the guilty plea. The indictment correctly set forth the penalty as a "[m]andatory minimum of 25 years in prison and a maximum of up to 50 years in prison[.]" (Doc. 1-1 at 3). Guerrero represented during the plea colloquy that he had reviewed the indictment. (Doc. 59 at 10). During arraignment, Guerrero again was advised that: as to Count One he faced at least 25 years in prison and up to 50 years in prison. (Doc. 27 at 3-4).

Although Guerrero and counsel signed the plea agreement containing the errant 15 year minimum statutory penalty prior to the plea change hearing, both acknowledged the plea agreement as corrected by the plea Court to state a minimum 25 year penalty, prior to entry of the guilty plea. (Doc. 59 at 10-11, 15-16); *see also United States v. Vasquez*, 2026 WL 836485, at *4 (E.D. Cal. Mar. 26, 2026) ("Movant's argument that [counsel] errantly advised him regarding sentencing exposure including career status is unsubstantiated in the record."). At the plea hearing the Court asked.

> Mr. Guerrero, if you are convicted of count one then, the maximum possible punishment that could be imposed is 25 years to life, a fine of up to $250,000, or both fine and imprisonment, supervised release of five years to life, a $5100 special assessment and full restitution as well as being required to register as a sex offender. Do you understand what the maximum possible punishment could be if you are convicted of count one?
>
> THE DEFENDANT: Yes.

Guerrero was aware that he was free to consult with counsel at any time during the plea change hearing. (Doc 59 at 4).  Guerrero did not have questions or request to consult counsel upon learning of the noted error in the plea agreement and correction of that error. (*See* Doc. 59 at 10-17).

Additionally, Guerrero's own testimony at plea colloquy directly refutes his habeas averment. Guerrero informed the plea Court that: he had reviewed of the plea and was allowed sufficient time to discuss it and the case and defenses with counsel, and that he was satisfied with the representation of counsel, who answered all his questions. (Doc. 59 at 5-6). Guerrero informed the plea Court that he

12

had discussed the sentencing Guidelines with counsel. (*Id*. at 7). Guerrero concedes in his declaration in support of the § 2255 motion that, when the Court advised of the corrected minimum penalty, counsel told him it was "the best [he] could get[.]" (Doc. 60 at 39).

Guerrero has not alleged facts overcoming the presumption that counsel's conduct during plea process was reasonable and strategically motivated. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance); *Morrison*, 477 U.S. at 381 (same); *see also Smith*, 282 F.3d at 763. Here again, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also Mazzei,* 2026 WL 1194920, at *4 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ."). Even if Guerrero could show counsel was deficient as alleged, his averment that absent counsel's allegedly deficient conduct he "would not have pled guilty and would have proceeded to trial" is not a sufficient proffer that he would have done so rationally.  (See Doc. 60 at 40).

Guerrero was aware of the Count One's 25-year mandatory minimum term and nonetheless pleaded guilty. Guerrero was also aware prior to entering his guilty plea that: no Guideline range had been calculated; his criminal history category had not been determined; the Court retained sentencing discretion; and the Court would render an individualized sentence including consideration of the then unavailable PSR.  (*See* Doc. 33 at 4-5, 11; Doc. 59 at 7-9).

Moreover, Guerrero was a recidivist who faced a potential statutory penalty on Count One of 600 months plus a consecutive 120 months on Count Three. The plea agreement did not agree to a downward variance or departure other than for potential acceptance of responsibility. (Doc. 33). Guerrero's purported mens rea defense to Count One is non-cognizable, for the reasons stated. Guerrero attested that the factual basis for his plea was true and that he was guilty in fact. (Doc. 33 at 8; Doc. 59 at 6, 14-15). Guerrero agreed to waive the right to appeal any sentence within the statutory maximum. (Doc. 33 at 3). The Court ultimately sentenced Guerrero to 30 years in prison as to Count One, within the statutory maximum and the PSR range for Count One. (*See* Doc. 61 at 4, 7). The Court

also considered the § 3353(a) factors in arriving at an individualized sentence.[8] (Doc. 61 at 5-7 ).

At bottom, while Guerrero avers in his declaration supporting the § 2255 motion that "all my decisions to plead guilty were based on counsel's lack of advice, contact and lack of information[,]" his proffer is insufficient to demonstrate counsel was deficient in any of those regards as to Ground Two, for the reasons stated.

**B.      Ground One – IAC by Failure to File Notice of Appeal**

Guerrero alleges that counsel was ineffective after entry of judgment by failing to file a notice of appeal upon his request. (Doc. 60 at 4-5). Guerrero avers that upon "the conclusion of my sentencing hearing, I expressly informed [counsel] that I wished to file a notice of appeal of my conviction and sentence. Counsel acknowledged my request but failed to file the appeal on my behalf within the fourteen-day period proscribed by Fed. R. App. P.] 4(b)." (Doc. 60 at 39). Respondent has not challenged this assertion or proffered a declaration of counsel. (Doc. 68).

The Court finds Ground One is outside the scope of the plea agreement's collateral attack waiver, and on the preponderance of evidence before the Court entitles Guerrero to relief. *See Ross v. United States*, 2006 WL 8435216, at *7 (C.D. Cal. July 10, 2006) (citing *Rodriquez*, 395 U.S. at 332, *United States v. Torres–Otero*, 232 F.3d 24, 32 (1st Cir. 2000)) (vacating and reentering sentence, reinstating appeal period, upon preponderant evidence showing attorney failed to file notice of appeal after being directed to do so).

**1.      Collateral Attack Waiver**

Guerrero alleges that counsel's IAC during the plea process invalidated the collateral attack waiver. (*See* Doc. 72 at 2-3). The Court rejects the allegation, for the reasons stated. (*See* section IV A, ante). However, the Court finds the alleged IAC in relation to failure to file a notice of appeal is

---

[8] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

beyond the scope of the collateral attack waiver and not barred thereby.

An IAC claim based on counsel's ignoring a request to file an appeal is not barred by a collateral attack waiver where the request exceeds the scope of the waiver. *See Schneider v. United States*, 2012 WL 5522703, at *4 (E.D. Cal. Nov. 14, 2012); *U.S. v. Nunez,* 223 F.3d 956, 958-59 (2000). Courts will enforce a § 2255 waiver if the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion. *Schneider*, 2012 WL 5522703, at *4.

Guerrero's plea waiver reached challenges to the guilty plea, conviction, and sentence, except for non-waivable claims. (Doc. 33 at 3). Guerrero did not waive challenge on grounds of failure to file a notice of appeal following entry of judgment. (See Doc. 33 at 3); *see also Klipp*, 2020 WL 5412072, at *14-15 (movant's claims concerning his request that defense counsel file a notice of appeal exceed the scope of the plea waiver as to challenges to the plea, conviction or sentence). Notably, during the plea change colloquy, Guerrero stated his understanding of the appeal and collateral attack waivers in the plea agreement as explained by the Court to reach "any part of your plea and sentence in the case." (Doc. 59 at 9). Relatedly, the sentencing Court observed Guerrero's plea waivers, and advised him of his appeal rights including right to appointed counsel (Doc. 61 at 9-10).

Therefore, the Court will reach the merits of Ground One. *Cf. United States v. Hicks*, 2019 WL 498990, at *5 (E.D. Cal. Feb. 8, 2019), report and recommendation adopted, 2019 WL 1429279 (E.D. Cal. Mar. 29, 2019) (finding without analysis that collateral attack waiver of challenge to sentence barred IAC claim for failure to file an appeal); *Klipp*, 2020 WL 5412072, at *16  (citing *United States v. Del Toro*, 2017 WL 1540788, at *10 (N.D. Cal. April 28, 2017)) ("Petitioner's consistent waiver of his right to appeal belies his claim that he asked his trial counsel to appeal. In contrast, Petitioner's trial counsel's statement that Petitioner made no request for an appeal is consistent with Petitioner's statements, actions, and the benefits he received by giving up his right to appeal").

### 2.    Failure to File a Notice of Appeal

The Ninth Circuit has stated that:

> To establish "that counsel was constitutionally ineffective for failing to file a notice of appeal," a defendant "must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient

performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citations omitted). In order to satisfy the first prong, a defendant must make at least one of the following three showings: (1) that counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal"; (2) that "a rational defendant would want to appeal" and counsel did not consult with the defendant about appealing; or (3) that the defendant "reasonably demonstrated to counsel that he [or she] was interested in appealing" and counsel did not consult with the defendant. *Id.* at 478, 480.

*United States v. Cheevers*, 2022 WL 1421445, at *1 (9th Cir. May 5, 2022). An attorney is ineffective by failing to file a notice of appeal after a client request that the attorney do so, even if that client has signed an appeal waiver. *See United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019) (citing *Garza v. Idaho*, 586 U.S. 232, 242 (2019) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484 (2000)); *see also Sandoval–Lopez,* 409 F.3d 1197 (same). Prejudice is presumed when the defendant is deprived of an appeal that he waived but nonetheless tried to assert. *Garza*, 586 U.S. at 247; *Sandoval–Lopez,* 409 F.3d at 1197.

Given Guerrero's uncontested allegation that counsel ignored his request immediately following judgment to file an appeal, the record does not conclusively establish that Guerrero is not entitled to relief with regard to this claim. *See Flores-Ortega*, 528 U.S. at 477 ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit.").

As the *Schneider* court observed, the government is left with two options, viz.:

The government can continue to oppose [Guerrero's] claim and the Court will hold an evidentiary hearing to determine whether [his] allegation, that counsel ignored [his] request to file an appeal, is true. [citation] If [his] allegation is true then the Court will vacate and reenter the judgment so [Guerrero] can file a timely notice of appeal. [citation] If [Guerrero's] allegation is not true, [he] is not entitled to any further relief. [citation]]

Alternatively, the government can choose not to oppose [Guerrero's] motion and let [him] appeal. [citation] If the government chooses this option the Court will vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that [Guerrero's] claim is true. [citation]

*Schneider*, 2012 WL 5522703, at *4–5; *see also United States v. Wilson*, 2022 WL 1460058, at *5 (E.D Cal. May 9, 2022) (same). Therefore, the Court will order the government to respond how it would like to proceed.

///

16

**C.    Evidentiary Hearing**

Guerrero requests an evidentiary hearing to develop extra-record evidence in support of the claimed IAC. (Doc. 60 at 36-38, citing § 2255; Doc. 72 at 4-5, 16). Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also Jaramillo*, 2025 WL 2462728, at *20. The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213 (same). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159. "The Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Therefore, a § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided on the basis of the evidence in the motion, files, and records. *Allison,* 431 U.S. at 80-82; 28 U.S.C. § 2255(b); *see also United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Habeas Rule 8(a) (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Habeas Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing required unless motion, files, and records conclusively show movant is not entitled to relief).

The district court exercises its discretion and common sense in determining whether a hearing is necessary. *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v. Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of a motion to vacate without hearing where the case records demonstrate the movant's claims lack merit).

Here, as to Ground Two IAC during the plea process, the Court finds that Guerrero is not entitled to a § 2255 hearing, for the reasons stated. *United States v. Peterson*, 2025 WL 2780042, at

17

*13 (E.D. Cal. Sept. 30, 2025) (movant is not entitled to a § 2255 hearing because his claims are not a basis for relief); *see also Leonti*, 326 F.3d at 1116 (defendant filing a motion to vacate is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief); *U.S. v. Rodriguez-Vega*, 797 F.3d 781, 791 (9th Cir. 2015) ("An oral hearing is not necessary in all cases."); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-68 (9th Cir. 1986) (remanding for an evidentiary hearing to determine whether there is a reasonable probability defendant would not have pled guilty absent counsel's deficient advice regarding likely sentence coupled with possible third party coercion). "Mere conclusory allegations do not warrant an evidentiary hearing." *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

**D.    Certificate of Appealability**

Pursuant to Habeas Rule 11, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, as to Ground Two, the Court finds that Guerrero has not made a substantial showing of the denial of a constitutional right, or "that jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Therefore, the Court will decline issuance of a certificate of appealability as to Ground Two upon issuance of the final order in the matter.

## V.    CONCLUSIONS

Ground Two asserted in the § 2255 motion fails to state a claim for relief.  Guerrero is not entitled to an oral hearing on Ground Two. The Court declines certificate of appealability on Ground Two. Ground One asserted in the § 2255 motion entitles Guerrero to relief.  Thus, the Court **ORDERS**:

18

1. The government's motion to dismiss (Doc. 68) is **GRANTED** as to Ground Two.

2. The government's motion to dismiss (Doc. 68) is **DENIED** as to Ground One asserted in the § 2255 motion. The government **SHALL** file a response as to how it would like to proceed with respect to Ground One **within 21 days of the filed date of this order.**

IT IS SO ORDERED.

Dated:    **May 25, 2026**

UNITED STATES DISTRICT JUDGE

19